IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PATRICIA YORK, LINDA YORK, NANCY HUDSON and EXPRESS FUNERAL FUNDING LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), through undersigned counsel, does hereby file this Complaint in Interpleader and states as follows:

**PARTIES**

1.      MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  It is duly licensed to do business in the State of Ohio.

2.      Upon information and belief, Defendant Patricia York ("Patricia") is the surviving spouse of Robert York, (the "Decedent"), and she resides in Cincinnati, Ohio, located in Hamilton County, Ohio.

3.      Upon information and belief, Defendant Linda York ("Linda") is the sister of the Decedent, and she resides in Hamilton, Ohio, located in Butler County, Ohio.

4.      Upon information and belief, Defendant Nancy Hudson ("Nancy") is the sister of the Decedent, and she resides in Fairfield, Ohio, located in Butler County, Ohio.

1

5.       Upon information and belief, Defendant Express Funeral Funding LLC is located in Clarksville, Indiana.

**JURISDICTION AND VENUE**

6.       This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7.       Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

**CAUSE OF ACTION IN INTERPLEADER**

8.       The Decedent was an employee of General Motors LLC ("GM") and a participant in General Motor Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by GM and funded by a group life insurance policy issued by MetLife.

9.       MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.  29 U.S.C. §1104(a)(1)(D).

10.      ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

11.      The Plan establishes, at page 54, the right of a Plan participant to name his or her beneficiary.  A true and correct copy of the summary plan description for the Plan is attached hereto as Exhibit A.

2

12.     The latest beneficiary designation on file is dated August 22, 2018 (the "August 2018 Beneficiary Designation") and names Linda and Nancy the primary beneficiaries receiving 50% of the plan benefits each.  A true and correct copy of the August 2018 Beneficiary Designation is attached hereto as Exhibit B.

13.     The next prior beneficiary designation made by telephonic conference that is on file is dated January 4, 2018 (the "January 2018 Beneficiary Designation") and designates Patricia as the sole primary beneficiary of the plan benefits.  A true and correct copy of the January 2018 Beneficiary Designation confirmation is attached hereto as Exhibit C.

14.     The Decedent died on November 17, 2022.  A true and correct copy of the death certificate is attached hereto as Exhibit D.

15.     At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of ONE HUNDRED THIRTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($132,500.00) (the "Plan Benefits").  The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

16.     On November 23, 2022, MetLife received a fax from Express Funeral Funding LLC indicating that they have an irrevocable assignment by Linda and Nancy for $10,160.16. A true and correct copy of the November 23, 2022 fax is attached hereto as Exhibit E.

17.     On November 28, 2022, MetLife received a fax with a letter dated November 23, 2022, from Patricia stating that the Decedent was not mentally able to make the purported changes (the "August 2018 Beneficiary Designation") because he was incompetent. She stated he was committed to a Mental Health Treatment Center for 3 years without a guardian and then she became his legal guardian in April 21, 2022. She further alleged that Linda and Nancy defrauded the Decedents and changed his insurance beneficiary designation, his checking

accounts, and pension accounts. The letter included the January 2018 Beneficiary Designation, Letters of Guardianship, Marriage Certificate, and Notice of Incompetency. A true and correct copy of the November 23, 2022 letter and documents is attached hereto as Exhibit F.

18.     Based on the contentions and allegations raised by Patricia, it is not clear whether a Court would uphold the validity of the August 2018 Beneficiary Designation form or find support for Patricia's challenge that the January 2018 Beneficiary Designation form is the most recent valid form.

19.     MetLife sent pre-interpleader letters to the Defendants regarding the competing claims for the Plan Benefits, but to date, the Defendants have not reached an agreement regarding the Plan Benefits.

20.     MetLife cannot determine whether a court would find that the August 2018 Beneficiary Designation valid, given Patricia's challenge.

21.     If a court were to determine that the August 2018 Beneficiary Designation is valid, then the Plan Benefits would be payable to Linda and Nancy subject to the irrevocable funeral assignment held by Express Funeral Funding LLC.

22.     If a court were to determine instead that the August 2018 Beneficiary Designation is invalid, then the Plan Benefits would be payable to Patricia, based on the January 2018 Beneficiary Designation.

23.     MetLife cannot determine the proper beneficiary of the Plan Benefits without risking exposure of itself, the Plan, and GM to double liability.

24.     As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action if defendants contest the request for

interpleader of the Plan Benefits). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

25. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

WHEREFORE, MetLife requests the Court:

(i) Restrain and enjoin the Defendants from instituting any action or proceeding in any state or United States court against MetLife, GM or the Plan for the recovery of Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii) Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan;

(iii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, GM, and the Plan from any further liability for the Plan Benefits;

(iv) Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits should be paid; and

(v) Awarding MetLife its costs and attorney's fees incurred in this action if any Defendant challenges the interpleader and causes unnecessary litigation expenses to be incurred.

Dated:  June 30, 2023

Respectfully submitted,

*/s/ Samuel H. Ottinger*
Samuel H. Ottinger (0099034)
Ogletree Deakins Nash Smoak & Stewart, P.C.
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (Fax )
Attorneys for Plaintiff
Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, the foregoing Complaint for Interpleader was electronically filed with the Court and that service of same will be made to the following via Federal Express overnight delivery, with tracking:

Michael B. Ganson
Michael B. Ganson Co., L.P.A.
Park Avenue Lawyers' Building
2306 Park Avenue, Suite 101
Cincinnati, OH 45206-2712
Attorney for Defendant
Patricia York

Linda K. York
364 Hampshire Drive, Apt. 3
Hamilton, OH 45011

Nancy D. Hudson
5695 Reswin Drive
Fairfield, OH 45014

Express Funeral Funding LLC
1701 East Market Street
Jeffersonville, IN 47130

*/s/ Samuel H. Ottinger*
Samuel H. Ottinger (0099034)
Attorneys for Plaintiff
Metropolitan Life Insurance Company